```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

      v.

HUAKANG ZHOU (a/k/a DAVID ZHOU), and
WARNER TECHNOLOGY
AND INVESTMENT CORPORATION,

                Defendants.

No. 12-Civ-8987 (RA)
[rel. 12-Civ-5811]

---

**FINAL JUDGMENT AS TO DEFENDANTS HUAKANG ZHOU (a/k/a DAVID ZHOU)
AND WARNER TECHNOLOGY AND INVESTMENT CORPORATION**

The Securities and Exchange Commission having filed a Complaint and Defendants Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation ("Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to make use of the mails or any means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, any security unless such broker or dealer is registered with the Commission as such or associated with an entity registered with the Commission as a broker or dealer.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by failing, with respect to any issuer registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] in which Defendants acquire the beneficial ownership of more than five percent of its common stock, to file with the Commission within ten days Schedule 13D, and to file an amendment when material changes occur pursuant to Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing, with respect to any issuer registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] of which Defendants are an officer, director, or beneficial owner of more than ten percent of its common stock, to file with the Commission the required forms disclosing beneficial ownership of those securities and changes thereto.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable on a joint and several basis for disgorgement of $983,375, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $82,449. Defendants shall satisfy this obligation by paying $1,065,824, pursuant to the terms of the payment schedule set forth in paragraph VIII. below after entry of this Final Judgment. Defendant Huakang Zhou (a/k/a David Zhou) is liable for civil penalties in the amount of $400,000 pursuant to Sections 21(d)(3) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Huakang Zhou (a/k/a David Zhou) shall satisfy this obligation by paying $400,000 pursuant to the terms of the payment schedule as set forth in paragraph VIII. below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly

5

from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

Defendants Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation shall pay the total of disgorgement, prejudgment interest, and penalty (to be paid by Huakang Zhou) due of $1,465,824 in two installments to the Commission according to the

following schedule: (1) $732,912, within 14 days of entry of this Final Judgment; and (2) $732,912 within 270 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation shall contact the staff of the Commission for the amount due for the final payment.

If Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation fail to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### CONSENT OF DEFENDANTS HUAKANG ZHOU (a/k/a DAVID ZHOU) AND WARNER TECHNOLOGY AND INVESTMENT CORPORATION

1. Defendants waive service of a summons and the complaint, and further acknowledge having already waived service with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendants from direct or indirect violations of Sections 5 and 17 of the Securities Act [15 U.S.C. §§ 77e and 77q], Sections 10(b), 13(d), 15(a), and 16(a) of the Exchange Act [15 U.S.C. §§ 78j(b), 78m(d), 78o(a), 78p(a)], and Rules 10b-5, 13d-1, 13d-2, and 16a-3 thereunder [17 C.F.R. § 240.10b-5, 240.13d-1, 240.13d-2, and 240.16a-3]; and

   (b) orders Defendants, on a joint and several basis, to pay disgorgement in the amount of $983,375, plus prejudgment interest thereon in the amount of $82,449, and civil penalties to be paid by Huakang Zhou (a/k/a David Zhou) in the amount of $400,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

3. Defendant Huakang Zhou (a/k/a David Zhou) acknowledges that the civil penalty

9

paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action

4.      Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to

any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement

12

to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; and (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants (i) agree to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoint Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waive the territorial limits on

service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

15. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: Sept. 13, 2013

*/s/ Huakang Zhou*
HUAKANG ZHOU

On _____, 2013, Huakang Zhou, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

14

Dated: 9/13/2013

WARNER TECHNOLOGY
AND INVESTMENT CORPORATION
By: *Huakang Zhou*
Title: President
Address: 18 Quail Run
Warren, NJ 07059

On _____, 2013, Huakang Zhou, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Warner Technology and Investment Corporation, as its President.

_____
Notary Public
Commission expires:

*Approved as to form:*

Sam Lieberman, Esq.
Sadis & Goldberg LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
slieberman@sglawyers.com
(212) 573-8164
*Attorneys for Defendants Huakang Zhou (a/k/a David Zhou) and Warner Technology and Investment Corporation*

SO ORDERED:
Dated 10/15/13 , 2013

_____
United States District Judge

15

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

# 公　证　书

(2013)京中信外民证字 30637 号

申请人：HUAKANG ZHOU，男，一九五二年六月二十七日出生，美国护照号码：448391160。

公证事项：签名

兹证明 HUAKANG ZHOU 于二〇一三年九月十三日来到我处，在本公证员的面前，在前面的英文文件上签名。



中华人民共和国北京市中信公证处

公证员　[signature]

二〇一三年九月十三日

# Notarial Certificate

(Translation)

(2013)J.Z.X.W.M.Z.Zi. No.30637

The applicant: HUAKANG ZHOU, male, born on June 27, 1952, American Passport No.448391160

Notarial Affairs: Sign

This is to certify that HUAKANG ZHOU came to my office on Sep. 13, 2013 and affixed his signature before me, a notary, on the English document attached hereto.

Notary: Nie Shasha

Zhongxin Notary Public Office

Beijing

The People's Republic of China

Sep. 13, 2013

# 公 证 书

(2013)京中信外民证字 30638 号

申请人：HUAKANG ZHOU，男，一九五二年六月二十七日出生，美国护照号码：448391160。

公证事项：译文与原文相符

兹证明前面的(2013)京中信外民证字 30637 号《公证书》的英文译本内容与该公证书中文原本相符。

中华人民共和国北京市中信公证处

公证员 

二○一三年九月二十三日

# Notarial Certificate

(Translation)

(2013)J.Z.X.W.M.Z.Zi. No.30638

The applicant: HUAKANG ZHOU, male, born on June 27, 1952, American Passport No.448391160

Notarial Affairs: the translation is in conformity with the original

This is to certify that the English translation of the Notarial Certificate (2013)J.Z.X.W.M.Z.Zi. No.30637 attached hereto is in conformity with the Chinese original.

Notary: Nie Shasha

Zhongxin Notary Public Office

Beijing

The People's Republic of China

Sep. 13, 2013

# 公 证 书

中华人民共和国北京市中信公证处